Mr. Carlos Eugene Mann
1325 Santa Diana Road, Unit 7
Chula Vista, California 91913
(619)315-6367
In Pro se for Plaintiff's



FILED

APR 0 5 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR SOUTHERN CALIFORNIA

CARLOS EUGENE MANN and

CARLOS ANTONIO SMITH

        Plaintiff's,

vs.

SAN DIEGO UNIFIED SCHOOL

DISTRICT and

DARIUS ASHTON and DOES 1

through 10, inclusive,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 16 CV 0814 CAB BGS

COMPLAINT

1. UNWARRNTED EXPULSION
PROCEEDING (CIVIL HARRASSMENT)
2.   BREACH OF DUTY
3.   BREACH OF IMPLIED COVENANT
TO ACT IN GOOD FAITH AND FAIR
DEALING
4.   DEFAMATION-(SLANDER/LIBEL)
5.   NEGLIGENCE
6.   NEGLIGENT TRAINING,
RETAINING, DISCIPLINING,
SUPERVISING, MANAGING,
DIRECTING AND CONTROLLING
7.   INTENTIONAL INFLICTION OF
EMOTIONAL DISTRESS PURSUANT
TITLE 42 U.S.C. §1983 and
CALIFORNIA CIVIL CODE §51
(UnRuh Civil Rights Act).
8.   REQUEST FOR INJUNCTIVE
ORDER

JURY TRIAL DEMANDED

1

COMPLAINT

TO THE CLERK OF THE COURT:

TO THE HONORABLE DISTRICT COURT JUDGE:

TO THE DEFENDANTS AND THEIR ATTORNEY OF RECORD:

PLEASE TAKE NOTICE THAT come now CARLOS EUGENE MANN and CARLOS ANTONIO SMITH with this complaint.

Plaintiffs CARLOS EUGENE MANN and CARLOS ANTONIO SMITH hereby allege against all defendants as follows:

1.    Plaintiff CARLOS EUGENE MANN, a disabled retired veteran suffering from various physical and mental impairments (See, EXHIBIT 1, U.S. Dept. of Veterans Affairs, Medical Records and Claim Forms) and Plaintiff, CARLOS ANTONIO SMITH his son too, with adjustment difficulties are individuals residing in the City and County of San Diego, California at the time of the incident. Despite these social challenges both were participating in or scheduled to participate in outpatient treatment programs and counseling, as prescribed, hold themselves out as noble persons. Thus, Plaintiff CARLOS EUGENE MANN, was required to cancel his previous scheduled residential treatment program provided to him as a privilege for his 16 years of honorable service, while in the United States Marine Corps because Defendant, DARIUS ASHTON's ill facets towards him and his son. (See, EXHIBIT 2, U. S. Marine Corps, In-Patient Residential Referral Intake Form dated January 26, 2016) Plaintiff, CARLOS EUGENE MANN's treatment

2

COMPLAINT

1   was to begin on February 09, 2016. The location of the

2   treating facility was the Dwight E. Eisenhower Army Medical

3   Center, Fort Gordon, GA. (See, EXHIBIT 3, USMC E-MAIL dated

4   February 04, 2016 from Plaintiff CARLOS EUGENE MANN Executive

5   Officer Major Donnell). Unfortunately for Plaintiff, CARLOS

6   EUGENE MANN this opportunity is now lost and unrecoverable

7   being that Plaintiff retired on March 31, 2016.

8

9       2.   The true names and capacities, whether individual,

10  corporate, associate, or otherwise, of defendants sued herein

11  as Does 1 through 10, inclusive, are unknown to plaintiffs who

12  therefore sue said defendants by such fictitious names.

13  Plaintiffs pray leave to amend this Complaint to assert the

14  true names and capacities of said defendants when ascertained.

15  Plaintiffs are informed and believe and thereupon allege that

16  each of the fictitiously named defendants is negligently

17  responsible in some manner for the occurrences herein alleged,

18  and that plaintiffs' losses as herein alleged were legally

19  caused by such gross negligence and undermined supervision, on

20  the behalf of Defendant DARIUS ASHTON.

21      3.   Plaintiffs are informed and believe and thereon

22  allege that, at all times mentioned herein, each of the

23  defendants were the successors in interest to each of the

24  remaining defendants, and on that basis is liable for any act

25  or omission of said defendants herein alleged. In California,

26  when the evidence suggest that a particular Defendant, such as

27  DARIUS ASHTON's when the entire course of action is based on

28

3

COMPLAINT

1  trampling over student rights (Emphasis Added) and attempting

2  to expel students from Wangenheim Middle School because her

3  intervention steps are inefficient, ineffective and unethical.

4  In most jurisdictions liability attaches when a Defendant such

5  as DARIUS ASHTON failed to retain a sufficient amount of

6  African-American Male teacher and mentors on her staff to deal

7  with the social controversies presented by such a class. (See,

8  EXHIBIT 4-STATISTICAL REPORT)

9

10     4.     Plaintiffs are informed and believe and thereon

11  allege that at all times mentioned herein, DARIUS ASHTON is

12  the vice principal of Wangenheim Middle School located at 9230

13  Gold Coast Drive San Diego, CA  92126. Defendant, DARIUS

14  ASHTON was selected for this position by the SAN DIEGO UNIFIED

15  SCHOOL DISTRICT in California and is an employee of the SAN

16  DIEGO UNIFIED SCHOOL DISTRICT, with her principal place of

17  business located at Wangenheim Middle School, in the City and

18  County of SAN DIEGO, California, and was doing business in the

19  State of California. Thus, Defendant DARIUS ASHTON is

20  empowered by the SAN DIEGO UNIFIED SCHOOL DISTRICT to take

21  tangible educational displinary actions regarding the students

22  such as suspending and recommending for expulsion proceedings.

23  In this case it is being allege that Defendant, DARIUS ASHTON

24  failed to exercise reasonably care to prevent and promptly

25  correct the [[racially] [sexually] and [other Title 42 U.S.C.

26  1983 and California Civil Code Section 50 (UnRuh Civil Rights

27  Act) protected characteristics]]; and the Defendant or a

28  member of the Defendants' management knew or should have known

4

COMPLAINT

of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

5.   At all times mentioned herein, defendants SAN DIEGO UNIFIED SCHOOL DISTRICT, DARIUS ASHTON, and Does 1 through 10, inclusive, and each of them, were in the business of educating and disciplining students at Wangenheim Middle School, in particular, on the subject incident date involving Plaintiff, CARLOS ANTONIO SMITH, which DEFENDANT, DARIUS ASHTON attempted to "Dump" her frustrations on the Plaintiff's (Emphasis Added) this was unfair.

6.   Plaintiffs are informed and believe and thereon allege that at all times mentioned herein defendants SAN DIEGO UNIFIED SCHOOL DISTRICT, DARIUS ASHTON, and Does 1 through 10, inclusive, and each of them, were actually doing business in educating and disciplining children in California.

7.   At all times mentioned herein, defendants, SAN DIEGO UNIFIED SCHOOL DISTRICT is being sued as the principal and DARIUS ASHTON, and Does 1 through 10, inclusive, and each of them, are being sued as agents, and were agents and employees of defendants SAN DIEGO UNIFIED SCHOOL DISTRICT, and of all other defendants, and were acting within the scope of said UNIFIED DISTRICT.

<u>GENERAL ALLEGATIONS</u>

(Facts Common to All Causes of Action)

Violation of Civil Rights Under Color of State Law

5

COMPLAINT

[42 U.S.C. §1983; CAL. UNRUH CIVIL RIGHTS ACT (Cal. Civ. Code § 50)]

8.    On or about June 16, 2015, Plaintiff, CARLOS EUGENE MANN enrolled his son, Plaintiff CARLOS ANTONIO SMITH in to the SAN DIEGO UNIFIED SCHOOL DISTRICT. (See, EXHIBIT 4A-Plaintiff CARLOS ANOTNIO SMITH's Immunization record dated February 19, 2015) This is when his son's, Plaintiff, CARLOS ANTONIO SMITH's trouble began. (e.g. Defamation, Libel, Slander and Emotional Distress) complained of herein, in the county of San Diego causing and continuing to cause both Plaintiff's severe emotional distress and other physical harms.

9.    Plaintiff, CARLOS EUGENE MANN and CARLOS ANTONIO SMITH are farther and son, and both are residents of the County of San Diego, State of California, at the time of all actions by defendants.

10.   On January 6, 2016, at 2:29 pm pursuant to the Defendant SAN DIEGO UNIFIED SCHOOL District Procedure 6290; Plaintiff, CARLOS ANTONIO SMITH was what he believes to have been erroneously suspended and thus, recommended for expulsion according to District Procedure 6295 by Defendant DARIUS ASHTON. Plaintiff CARLOS EUGENE MANN is informed and belief that "BUT FOR" his son, race, creed, color and national origin (See, EXHIBIT 6A). Defendant DARIUS ASHTON would not have

6

COMPLAINT

1   created such a "Special Report", which serves as a disservice

2   to his son, CARLOS ANTONIO SMITH. (SEE, EXHIBIT 6)

3

4      11. On January 25, 2016, Plaintiff, CARLOS EUGENE MANN

5   was informed and believes that his son Plaintiff, CARLOS

6   ANTONIO SMITH was forced by Defendant DARIUS ASHTON to provide

   and sign a "STUDENT STATEMENT". Thus without "PARENTAL

7   CONSENT" (Emphasis Added)  (See, EXHIBIT 5, STUDENT STATEMENT)

8   Here, Plaintiff CARLOS EUGENE MANN, not only argues that his

9   son, Plaintiff, CARLOS ANTONIO SMITH, was discriminated by

10   Defendant, DARIUS ASHTON but more so, in a jurisdiction that

11   follows such a legal concept, the evidence will provide the

12   court that such a "STUDENT STATEMENT" was, in fact, provided

13   and signed without "PARENTAL CONSENT" (Emphasis Added) of

14   Plaintiff's father, CARLOS EUGENE MANN, in violation of CARLOS

15   ANTONIO SMITH's Civil Rights pursuant Title 42 U.S.C. 1983,

16   California Civil Code Section 50 (UnRuh Civil Rights Act) and

17   14th Amendment. This is the crux and wrongdoing complained of.

18

19      12. Never the less, on February 17, 2016, Plaintiff,

20   CARLOS EUGENE MANN and CARLOS ANTONIO SMITH were required to

21   attend an expulsion hearing because CARLOS EUGENE MANN

22   appealed the first decision rendered by Defendant DARIUS

23   ASHTON suspending CARLOS ANTONIO SMITH for conduct engaging

24   into and described as what she believed to be "Sexual Assault

25   and Battery" on another person after dismissal from Wangenheim

26   Middle School in the "Hourglass Park", which is directly

27   across from Wangenheim Middle School on January 06, 2016,

28

7

COMPLAINT

approximately at 2:29 pm. (See, EXHIBIT 6, "Special Report" To The Superintendent)

13. In the aftermath, after being required to plead for mercy because of his son's position, for the "serious allegations" against him. CARLOS EUGENE MANN was immediately informed by the Defendant, SAN DIEGO UNIFIED SCHOOL DISTRICT PLACEMENT AND APPEAL PANEL that his son, CARLOS ANTONIO SMITH in fact would not be expel as recommended by Defendant, DARIUS ASHTON. (See, EXHIBIT 7, Alba Community Day School, fax cover sheet date February 25, 2016)  "BUT FOR" the statement which Plaintiff, CARLOS EUGENE MANN presented at the hearing that he was highly considering enrolling his son, CARLOS ANTONIO SMITH into the SWEETWATER UNION HIGH SCHOOL DISTRICT. (See, EXHIBIT 15) in this instance, Defendant DARIUS ASHTON continued disservices had not only become the legal cause in fact for such a parental determination, but more so, was the actual and proximate cause of Plaintiffs harms. Thus CARLOS EUGENE MANN not only, no longer intended for his son, CARLOS ANTONIO SMITH to be under the legal detriment of Defendant DARIUS ASHTON which Plaintiff, CARLOS EUGENE MANN resolved.

As a direct result of unwelcome stress, Plaintiff, CARLOS EUGENE MANN dis-enrolled his son, Plaintiff, CARLOS ANTONIO SMITH, from the SAN DIEGO UNIFIED SCHOOL DISTRICT.

14. On or about February 24, 2016, Plaintiff, CARLOS EUGENE MANN was forced to enroll Plaintiff, CARLOS ANTONIO

8

COMPLAINT

1  SMITH, his son, at Rancho del Ray Middle School, in the

2  SWEETWATER UNION HIGH SCHOOL DISTRICT; (See, EXHIBIT 8, Online

3  Registration Form) Being that CARLOS ANTONIO SMITH had not

4  attended school for a period of time and that the Defendant

5  SAN DIEGO UNIFIED SCHOOL DISTRICT truly had not presented any

6  other meaningful options being that Plaintiff desires to be

7  educated by the staff at Wangenheim Middle School. Thus,

8  Plaintiff, core argument is pursuant to his son's school

9  absences. The legal crux of CARLOS ANTONIO SMITH's detriment,

10 regarding the filing of this complaint. Not only because he

11 missed vital aspect of learning amongst his peers, but more

12 so, now unlike before, his fear being left behind (Emphasis

13 Added). Clearly, the SWEETWTER UNION HIGH DISTRICT is a better

14 choice because it is in the business of at least providing

15 CONSENT FORM's to its student and parents. (Emphasis Added)-

16 (See, EXHIBIT 9, Sweetwater Union High School District-Student

17 Consent and Waiver Form)

18
                         **FIRST CAUSE OF ACTION**
19
         **(Unwarranted Expulsion Proceeding (CIVIL HARRASSMENT)**
20
      **(Against Defendants SAN DEIGO UNIFIED SCHOOL DISTRICT and**
21                   **DARIUS ASHTON and DOES 1-10)**
22

23

24     15.  Plaintiff incorporates by reference the General

25 Allegations contained in paragraphs 8 through 14 of this

26 Complaint and each and every part thereof with the same force

27 and effect as though set out at length herein.

28
                                  9

                              **COMPLAINT**

16.   Plaintiff CARLOS EUGENE MANN is informed and believes, and thereon alleges, that "BUT FOR" the January 6, 2016, action. Plaintiff's son, CARLOS ANTONIO SMITH principal source of education was affected under the pretext of what he believed to be an arbitrary and capriciously suspension followed by an attempt to expel CARLOS ANTONIO SMITH for a year from school, which he lawfully was enrolled. The unlawful act, was at the request of Defendant DARIUS ASHTON. Again thus, CARLOS EUGENE MANN, the parent of CARLOS ANTONIO SMITH dis-enrolled CARLOS ANTONIO SMITH from Wangenheim Middle School because of DARIUS ASHTON vengeance towards his son, CARLOS ANTONIO SMITH.

17.   Plaintiff is informed and believes and thereon alleges Defendants', and each of them, conduct was unlawful, for among other reasons, Plaintiff CARLOS EUGENE MANN complained to the Placement and Appeal Office Panel about not being "INFORMED" by Defendants SAN DIEGO UNIFIED SCHOOL DISTRICT and DARIUS ASHTON, regarding several serious school incidents which involved his son, Plaintiff, CARLOS ANTONIO SMITH, while attending Wangenheim Middle School. In particular, the incident dates of 1).09/1/2015, 2). 10/08/2015, 3). 11/03/2015, 4). 12/01/2015 and 5). 12/07/2015. (See, EXHIBIT 10, Wangenheim Middle School, List of Incident) These act are categorized as nothing less than, contributory gross negligence per se, because Defendant DARIUS ASHTON, could not speak on either of them at the hearing. Surely, this

10

COMPLAINT

1  was a violation of Plaintiff, CARLOS EUGENE MANN's due process

2  protection, regarding his son, Plaintiff, CARLOS ANTONIO

3  SMITH, when CARLOS ANTONIO SMITH, was in the custody and

4  control of the Defendants.

5

6  18.   Plaintiff, CARLOS EUGENE MANN is informed and

7  believes and thereon alleges Defendants', and each of them,

8  entire course of conduct is nothing less than negligent,

9  reckless and at the least unlawful, for among other reasons.

10  These reasons were the motivating factors for Plaintiff CARLOS

11  EUGENE MANN having to attend the expulsion hearing, as

12  Defendant, DARIUS ASHTON's vengeance towards his son, CARLOS

13  ANTONIO SMITH, a African American Male (a Minor), with a

14  history of outpatient treatment. (See, EXHIBIT 11, Court of

15  Common Pleas, Juvenile Division, Cuyahoga County Ohio, Case

16  No. AD15901537)

17  19.   As a direct and proximate result of the misconduct

18  and unlawfulness of Defendants, and each of them, and the

19  resulting suspending Plaintiff, CARLOS ANTONIO SMITH for

20  several days, and subsequently recommending him for a one year

21  expulsion, as aforesaid, Plaintiff, CARLOS EUGENE MANN and

22  CARLOS ANTONIO SMITH both sustained and continue to sustain

23  severe and serious injury to their persons, all to Plaintiff's

24  damage in a sum to be shown according to proof.

25

26  20.   By reason of the foregoing, Plaintiff's has suffered

27  harm including, but not limited to, humiliation,

28

COMPLAINT

embarrassment, and mental anguish, all to Plaintiff's damage in an amount to be shown according to proof. Plaintiff is informed and believes, and thereon alleges, that they will be required to employ the services of physicians, nurses and other health care professionals in the future, in an amount to be shown according to proof.

21.   By reason of the foregoing, as aforesaid, Plaintiff, CARLOS EUGENE MANN, since the subject incident date of February 17, 2016 and his required presence of attending Defendants expulsion hearing has been unable to engage in daily chores. Subsequently, his son too, Plaintiff, CARLOS ANTONIO SMITH alleges that he too is unable to function in his usual and indefinite period in the future, all to Plaintiff's damages in an amount to be shown according to proof.

## SECOND CAUSE OF ACTION

### (BREACH OF DUTY)

(Against Defendants SAN DEIGO UNIFIED SCHOOL DISTRICT and DARIUS ASHTON and DOES 1-10)

22.   Plaintiff incorporates by reference the allegations contained in paragraphs 8 through 14 of the General Allegations and paragraphs, 1 through 21 of this Complaint and each and every part thereof with the same force and effect as though set out at length herein.

23.   Plaintiff CARLOS EUGENE MANN is informed and believes, and thereon alleges, the implied agreement of

12

COMPLAINT

educating his son, CARLOS ANTONIO SMITH with defendants, as aforesaid, implied Defendant would continue Plaintiff ANTONIO's education at Wangenheim Middle School for an indefinite period of time into the future so long as Plaintiff CARLOS ANTONIO SMITH fulfilled his duties and obligations under California State law, and that Plaintiff CARLOS ANTONIO's education would not be disrupted, except for good cause. Most jurisdictions in California would not have a problem with establishing that in California, a Defendant owes a Plaintiff a duty to act as a Reasonable and Prudent Person under the same or similar circumstance. That is because this duty is breach when a persons conduct fall below the standard of care. Yes, this is the actual cause and proximate cause of damages to Plaintiff such as those Plaintiff's listed in the complaint.

24. The terms of the implied educational contract included, but were not limited to, the following: that Defendants SAN DIEGO UNIFIED SCHOOL DISTRICT and DARIUS ASHTON would not suspend or expel Plaintiff, CARLOS ANTONIO SMITH without good cause and fair warning, based on objective, reasonable education evaluation of Plaintiff. Defendant has failed to deliver its promise. This was not the first time Defendant recommend Plaintiff CARLOS ANTONIO SMITH for expulsion for what Plaintiff CARLOS ANTONIO SMITH believes to have been unwarranted. (See, Exhibit 12, San Diego Unified

13

COMPLAINT

School District, Placement and Appeal determination October 12, 2015).

25. At all times herein mentioned, Plaintiff, CARLOS ANTONIO SMITH substantially performed all the duties and conditions of California State law. Defendants knew that Plaintiff, CARLOS ANTONIO SMITH had fulfilled all his duties and conditions under the implied education contract.

26. Plaintiff CARLOS EUGENE MANN is informed and believes and thereon alleges that Defendants breached the aforementioned implied education contract by causing Plaintiff CARLOS EUGENE MANN to take leave from work, miss doctors appointments (See, EXHIBIT 13)  and ultimately transferring his son CARLOS ANTONIO SMITH into SWEETWATER UNION HIGH SCHOOL DISTRICT after DEFENDANT DARIUS ASHTON suspended CARLOS ANTONIO SMITH without good, just or legitimate cause, but rather because of a false allegation of sexual assault and battery. DEFENDANT DARIUS ASHTON acted without "PARENTAL CONSENT" (Emphasis Added) as required. Thus, Plaintiff, CARLOS ANTONIO SMITH was not expelled, and argues that he was not afforded his "Due Process Protection" pursuant the 14th Amendment of the United States Constitution.

27. As a direct and proximate result of Defendant's breach of the contract regarding educating and disciplining his son Plaintiff CARLOS ANTONIO SMITH, as aforesaid, this particular Plaintiff has been deprived of the rights and

COMPLAINT

benefits under the contract including, but not limited to, continued education so long as Plaintiff performed all duties and conditions under the STATE OF CALIFORNIA and SAN DIEGO UNIFIED SCHOOL DISTRICT's policy. Plaintiff, CARLOS EUGENE MANN argues that since DEFENDANT, SAN DIEGO UNIFIED SCHOOL DISTRICT and DEFENDANT, DARIUS ASHTON'S entire course of conduct, regarding his son, CARLOS ANTONIO SMITH circumstance fell below the standard of care. DEFENDANT, SAN DEIGO UNIFIED SCHOOL DISTRICT and DEFENDANT, DARIUS ASHTON truly had no real purpose to file either expulsion notices. (See, EXHIBIT 12 and EXHIBIT 16) Never the less, some jurisdiction would find that DEFENDANTS notice's are inclinations of a person's self-fulfilling prophecy because the evidence suggest that there was no genuine excuse for DEFENDNT, DARIUS ASHTON to deviate from the norm. In both instances, she could have resolved the issue on her own. Again, the evidence suggests that DEFENDANT, DARIUS ASHTON should have done more. Hence, at least obtained "PARENTAL CONSENT" (Emphasis Added) from Plaintiff's father Plaintiff, CARLOS EUGENE MANN prior to any of her intentional antics resulting in hauling Plaintiff, CARLOS ANOTINIO SMITH into her office. Again, these are the type of incidents, that the court should be able to determine that there is no cruelty in enforcing liability because both federal and state law prohibits DEFENDANT, DARIUS ASHTON'S actions.

28.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiff has suffered the loss of wages and

other benefits and suffered consequential economic loss,
humiliation, embarrassment, and mental anguish, all to
Plaintiff's damage in an amount shown according to proof.
(See, EXHIBIT 2)

### THIRD CAUSE OF ACTION

(BREACH OF IMPLIED COVENANT TO ACT IN GOOD FAITH AND FAIR
DEALING)

(Against Defendants SAN DEIGO UNIFIED SCHOOL DISTRICT and
DARIUS ASHTON and DOES 1-10)

29.   Plaintiff CARLOS EUGENE MANN incorporates by
reference the allegations contained in paragraphs 8 through 14
of the General Allegations and paragraphs 1 through 28 of this
Complaint and each and every part thereof with the same force
and effect as though set out at length herein.

30.   Plaintiff CARLOS EUGENE MANN was reasonably assured
by Defendant SAN DIEGO UNIFIED SCHOOL DISTRICT policy that his
son, CARLOS ANTONIO SMITH would not be suspended or
recommended for expulsion arbitrarily. Both Plaintiff's relied
as well on the content of the California Education Codes
regarding the circumstances giving rise to disciplining
students.  Plaintiff CARLOS EUGENE MANN is informed and
believes that because of the student policies and practices of
Defendants (regarding incident review prior to suspension of a
student); Plaintiff CARLOS ANTONIO SMITH's "Term Grades",
(See, EXHIBHT 14, DEFENDANT's DISTRICT OFFICE "Term Grades")
actual life knowledge and experience; positive performance

COMPLAINT

evaluations; positive communications by defendants relating to his school performance, there existed an implied covenant not to recommend expulsion except for good cause. This was not the case. In California, the evidence suggests that DEFENDANT, DARIUS ASHTON's actions were unreasonable. Therefor, said DEFENDANT is vicariously liable to the Plaintiffs.

31. Plaintiff performed all the duties and conditions of California State law. Defendants knew that Plaintiff had substantially fulfilled all his duties and conditions according to SAN DIEGO UNIFIED SCHOOL DISTRICT policy. The evidence suggests that DEFENDANT, DARIUS ASHTON's failed to accept Plaintiff, CARLOS ANOTINO SMITH's remorsefulness. (See, EXHIBIT 5)

32. Without any serious misconduct on the part of the Plaintiff CARLOS ANTONIO SMITH and without good, just or legitimate cause, defendants NOT ONLY breached the implied covenant to act in good faith and fair dealing by engaging in conduct separate and apart from the performance of obligations under the SAN DIEGO UNIFIED SCHOOL DISTRICT's guideline, without good faith and in contravention of the implied writings not to recommend expulsion of any student, in particular Plaintiff's son, CARLOS ANTONIO SMITH except for good cause, by, among other things, attempting to expel Plaintiff's son CARLOS ANTONIO SMITH because of false allegations of "sexual assault and battery". But more, so forced CARLOS ANTONIO SMITH to provide a statement, regarding

17

COMPLAINT

to what "it believed" to be a serious offense without (1) "PARENTAL CONSENT" (Emphasis Added) and (2) reading CARLOS ANTONIO his Miranda Rights as required, in violation of the law. The stated grounds for Plaintiff, CARLOS ANTONIO's expulsion were not adequate justification, and were pre-textual. Again, SWEATWATER UNIFIED SCHOOL DISTRICT provides CONSENT FORM's to its students. (See, EXHIBIT 9) The evidence suggests that DEFENDANT, DARIUS ASHTON's failed to be caution. Under this jurisdiction, DEFENDANT, DARIUS ASHTON's risk taking does not outweigh its measurement, which she should have taken Thus, DEFENDANT, DARIUS ASHTON is liable for Plaintiff's harms.

33. Defendants' breach has resulted in Plaintiff CARLOS EUGENE MANN being unable to concentrate on his other responsibilities for a time. As a further result, Plaintiff CARLOS EUGENE MANN has suffered, and continues to suffer, losses in income, earnings, benefits and other consequential damage in a sum to be shown according to proof. (See, EXHIBIT 2)

34. Defendants' breach has resulted in Plaintiff CARLOS EUGENE MANN being unable to concentrate on his other responsibilities for a time. As a further result, Plaintiff CARLOS ANTONIO SMITH has suffered, and continues to suffer, losses in being educated, benefits and other consequential damage in a sum to be shown according to proof. (See, EXHIBIT 11A)

18

COMPLAINT

35.   Plaintiff incorporates by reference the allegations contained in paragraphs 8 through 14 of the General Allegations and paragraphs, 1 through 34, of this Complaint and each and every part thereof with the same force and effect as though set out at length herein.

36.   The above-referenced conditions between Plaintiff CARLOS EUGENE MANN, CARLOS ANTONIO SMITH and Defendants, SAN DIEGO UNIFIED SCHOOL DISTRICT, DARIUS ASHTON, and DOES 1 through 10, contained an implied covenant of good faith and fair dealing, as required by California law. This implied covenant required Defendants to perform the terms and conditions of the SAN DIEGO UNIFIED SCHOOL DISTRICT policy fairly and in good faith and refrain from doing any act that would prevent or impede Plaintiff CARLOS EUGENE MANN or CARLOS ANTONIO SMITH from performing any and all conditions of SAN DIEGO UNIFIED SCHOOL DISTRICT's policy that either agreed to perform, or any act that would deprive either Plaintiff of the benefits of the State of California Education System.

37.   Plaintiff CARLOS EUGENE MANN and CARLOS ANTONIO SMITH substantially performed all the duties and conditions of the employment agreement. Defendants knew the Plaintiff had fulfilled all of his duties and conditions under SAN DIEGO UNIFIED SCHOOL DISTRICT's policy.

38.   Defendants breached the implied covenant of good faith and fair dealing under SAN DEIGO's UNIFIED SCHOOL

COMPLAINT

1  DISTRICT policy by causing Plaintiff CARLOS EUGENE MANN to

2  transfer CARLOS ANTONIO SMITH unintentionally, to SWEETWATER

3  HIGH SCHOOL UNIFIED SCHOOL DISTRICT, in bad faith and for

4  reasons extraneous to the policy.   Plaintiff is informed and

5  believes, and thereon alleges, that Defendants suspended

6  Plaintiff CARLOS ANTONIO SMITH without good, just or

7  legitimate cause.   Plaintiff CARLOS EUGENE MANN is further

8  informed and believes and thereon alleges that Defendant

9  DARIUS ASHTON suspended CARLOS ANTONIO from school because,

10  among other things, his immutable characteristics (e.g. being

11  in foster care, and other family issue's), not for the stated

12  grounds of sexual assault and battery.   The stated grounds for

13  Plaintiff CARLOS ANTONIO SMITH's suspension were not

14  adequately justified and were pretexted.   Plaintiff CARLOS

15  EUGENE MANN is informed and believes, and thereon alleges,

16  that his son's suspension resulted from, among other things,

17  Plaintiff CARLOS ANTONIO SMITH having adjustment difficulties

18  known by Defendants and that such retaliatory conduct by

19  Defendants, and each of them, was therefore in breach of

20  implied covenant of good faith and fair dealing.

21

22     39.  As a proximate result of Defendants' breach of the

23  implied covenant of good faith and fair dealing, Plaintiff has

24  suffered, and continues to suffer, losses in earnings and

25  other employment benefits, and consequential economic damages

26  to his damage in an amount to be shown according to proof.

27

28

COMPLAINT

## FOURTH CAUSE OF ACTION

### (Defamation, Libel and Slander as to all Defendants)

### (Against Defendants SAN DEIGO UNIFIED SCHOOL DISTRICT and DARIUS ASHTON and DOES 1-10)

40.   Plaintiff incorporates by reference the allegations contained in paragraphs 8 through 14 of the General Allegations and paragraphs 1 through 39 of this Complaint and each and every part thereof with the same force and effect as though set out at length herein.

41.   On February 1, 2016, Defendant, SAN DIEGO UNIFIED SCHOOL DISTRICT, provided to A.L.B.A. "Fax Transmission". The Fax Transmission provide that " On January 06, 2016 CARLOS ANOTNIO SMTH committed sexual assault and battery on another person after dismissal from Wangenheim Middle School." Plaintiff CARLOS EUGENE MANN alleges, upon information and belief, that this information was confident, and should be transmitted through a much more secured means by Defendant. The evidence suggests that anyone near Defendants fax machine had access to said information that was private, confident and as a result persons not privilege to the information now knows of his sons private matter. (See, EXHIBIT 7) To make matter worse, A.L.B.A entry comments provide that Plaintiff, CARLOS ANTONIO SMITH entered its school under the circumstance of "zero tolerance from Wangenheim MS". This entry comment violates Plaintiff's rights as an Accused Person pursuant the

21

**COMPLAINT**

14th Amendment because all person a presumed innocent until proven guilty.

42.   On or about January 06, 2016, Defendant, DARIUS ASHTON provided "RECOMMENDATION FOR EXPULSION/ZERO TOLERANCE report to the SAN DIEGO UNIFIED SCHOOL DISTRICT, Placement and Appeals Office, responded to an incident that allegedly involved Plaintiff, CARLOS ANTONIO SMITH as to an alleged "Sexual Assault and Battery". The recommendation states that "Video evidence has victim stating "don't hug me" and "get off me". This false and defamatory statement was provided to the placement and appeals office. Plaintiff, CARLOS EUGENE MANN is informed and believes that but for the unsecured fax transmission others may have seen or heard such statements. Things don't stop here, before the hearing, Defendant, DARIUS ASHTON, was unsuccessful in submitting "STATEMENTS" to the Placement and Appeals Office, regarding, Plaintiff, CARLOS ANTONIO SMITH, while focusing on OFF CAMPUS, activities such as the "HOME COMING GAME's" of another school, and events that occurred "after the BELL RINGED" (Emphasis added). Clearly, the evidence suggested that DOE 1 "was waiting for some form of physical contact. (See, EXHIBIT 15, DEFENDANT, SAN DIEGO UNIFIED SCHOOL DISTRIT's Placement and Appeal hearing audio recording dated February 17, 2016), and for DEFENDANT, DARIUS ASHTON to see, otherwise, displays her vengeance towards, Plaintiff, CARLOS ANTONIO MANN, a African American Male, in the 21st Century. The evidence suggests that DEFENDANT, DARIUS

ASHTON, had a difficulty with PLAINTIFF, CARLOS EUGENE MANN, going to Wagenheim Middle School, "UNANNOUNCED". (Emphasis Added)   (See, EXHIBIT 15)

Plaintiff, CARLOS EUGENE MANN is informed and believes that his "UNANNOUNCED" visits undermined the operations at Wagenheim Middle School, since Wagenheim was in the business of having the SAN DIEGO POLICE DEPARTMENT interrogate his son, CARLOS ANTONIO SMITH without his presence and consent, in violation of both CARLOS EUGENE MANN and CARLOS ANTONIO SMITH constitutional due process protection pursuant the 4th, 5th, 6th and 14th Amendments because at any time, DEFENDANT, DARIUS ASHTON could have contacted via cell phone, Plaintiff, CARLOS EUGENE MANN, regarding what she believes to have been his son, Plaintiff, CARLOS ANTONIO SMITH's troublesome conduct. To illustrate this point? (See, EXHIBIT 19 – GOOGLE E-MAIL from Mr. Miko Uhuru). Here, the evidence suggest that DEFENDANT, DARIUS ASHTON, will "do her best" at enforcing school policy but fails to "do her best" at investigating and providing sufficient "fact pattern" of alleged victims and the accused because she is not as critical of a thinker can not collaborate conversations to avoid productive struggles as provided. Thus, DEFENDANT, DARIUS ASHTON would have discovered that DOE 1, is a victim of what she DOE 1, provided as a forcible rape, not committed by Plaintiff, CARLOS ANTONIO SMITH. (See, EXHIBIT 17) Here Plaintiff CARLOS EUGENE MANN argues that DEFENDANT, DARIUS ASHTON should have been able to

COMPLAINT

1  identify Doe 1's interest in the outcome of her complaint and

2  any bias, prejudice in weather other evidence would have

3  contradicted Doe 1's testimony. Thus, DEFENDANT, DARIUS

4  ASHTON's vengeance towards Plaintiff, CARLOS ANTONIO SMITH did

5  not allow DEFENDANT, DARIUS ASHTON to act reasonably, and in

6  good faith and fair dealings, in violation of title 42 USC

7  1983 and California Civil Code Section 50 (UnRuh Civil Rights

8  Act).

9

10  43.  Plaintiff CARLOS EUGENE MANN is informed and

11  believes and thereon alleges, on or about February 22, 2016.

12  Plaintiff, CARLOS ANTONIO SMITH, encountered several of his

13  peers on his way to and from Wagenhiem Middle School. This is

14  when CARLOS ANTONIO SMITH discovered that Defendant DARIUS

15  ASHTON had reported to his peers that Plaintiff, CARLOS

16  ANTONIO SMITH was in fact, "suspended and recommended for

17  expulsion of sexual assault and battery." To make matters

18  worst. The evidence suggest that the incident involving

19  Plaintiff, CARLOS ANTONIO SMITH was in fact, reported to the

20  State of California without a hearing in violation of

21  Plaintiff, CARLOS ANTONIO SMITH's U.S. Constitutional

22  protection pursuant the 14th Amendment, resulting in

23  Plaintiff, CARLOS EUGENE MANN to become more outraged with the

24  Defendants dealing with his son's matter.(See, EXHIBIT 18)  To

25  make matters worst, during the expulsion hearing, DEFENDANT,

26  SAN DIEGO UNIFFIED SCHOOL DISTRICT's Placement and Appeal

27  Panel provided that the 1). Formal rules of evidence were

28

24

COMPLAINT

1 | inapplicable. Thus, allowing them to take under submission
2 | DEFENDANT, DARIUS ASHTON's evidence and 2). That the Placement
3 | and Appeals Panel it did not follow (California Penal
4 | Code).(Emphasis Added) Contrary to belief, Plaintiff, CARLOS
5 | EUEGENE MANN vehemently disagrees because this jurisdiction
6 | knows that California Penal Code is deeply embedded within
7 | California's Education Code, in particular California Penal
8 | Code Section 243.4. Plaintiff, CARLOS EUGENE MANN is informed
9 | and believes that he too was arbitrarily discriminated by the
10 | DEFENDANT'S from attempting to provide his son's defense.
11 | Here, Plaintiff, CARLOS EUGENE MANN provided that the
12 | DEFENDANT's could not met the required elements showing that
13 | his son, actually had physically restrained DOE 1. (See,
14 | EXHIBIT 15) The crux of his main argument. Again, the evidence
15 | suggests that DOE 1 was in fact, "WAITING FOR A HUG". (See,
16 | EXHIBIT 16) The DEFENDANT's expulsion process is prejudicial
17 | in effect because DOE 2, (Lead Hearing Officer), uses force,
18 | threats to cause fear, in the accused. In this particular
19 | circumstance, Not only was DOE 2 leading, but more so,
20 | attempting to cause fear in Plaintiff, CARLOS ANTONIO SMITH by
21 | providing "We will ask Carlos he will tell us"…, in clear
22 | violation of Plaintiff, CARLOS ANTONIO SMITH 5TH amendment
23 | guarantee. Another example of DOE 2 misconduct is when she
24 | asked Plaintiff, CARLOS ANTONIO SMITH "What has he learned
25 | from this" as if she had single handed contemplated that
26 | Plaintiff, CARLOS ANTONIO SMITH was already guilty of the
27 | alleged Sexual Assault and Battery. Another antic of the
28 |

COMPLAINT

Panel's ability to be arbitrary is being pointed out when it stricken the battery aspect of the charging document without explaining to Plaintiff, CARLOS EUGENE MANN its new position. However, out of all the Panel's antics, the following takes the cake. Here, the Panel allowed the DEFENDANT, DARIUS ASHTON to submit into the evidence an "AUDIO RECORDING", subsequently allowing  her to explain why such recording possessed no video. (See, EXHIBIT 15) This is when DEFENDANTS, SAN DIEGO UNIFIED SCHOOL DISTRICT troubles began. Plaintiff, CARLOS EUGENE MANN believes that DARIUS ASHTON Conspired with DOE 1 to entrap his son CARLOS ANTONIO SMITH.

Plaintiff, CARLOS EUGENE MANN is informed and believes that his son's right to confront his witness pursuant the 6th Amendment of the United States Constitution has been violated. According to DEFENDANT, DARIUS ASHTON, the alleged victim was not available due to her fears of Plaintiff, CARLOS ANTONIO SMITH presence at the Placement and Appeals hearing. Thus, Plaintiff, CARLOS EUGENE MANN more so now unlike before argues that this statement was unworthy of belief. DEFENDANT ASHTON "SPECIAL REPORT" fails to provide the required inclinations that Plaintiff, CARLOS ANTONIO SMITH had in fact, threaten DOE 1 with violence or caused DOE 1 any kind of fear, in the past. In conjunction to the "AUDIO RECORDING." Again Plaintiff, CARLOS EUGENE MANN is informed and believes that his son's right to confront his witness pursuant the 6th Amendment of the United States Constitution has been violated.

COMPLAINT

## FIFTH CAUSE OF ACTION

### Negligence

### (Against Defendants SAN DEIGO UNIFIED SCHOOL DISTRICT and DARIUS ASHTON and DOES 1-10)

44.  Plaintiff incorporates all the allegations contained in paragraphs 1 through 43 of this complaint as though set forth herein in full.

45.  At all times herein mentioned, Defendants, and each of them, were SAN DIEGO SCHOOL DISTRICT and DARIUS ASHTON,  a vice principal an employee responsible for the proper adjudication and well being of the students currently attending its Middle Schools, in general and the Plaintiff CARLOS ANTONIO SMITH, in particular.  At all times herein mentioned, Defendants, and each of them, were acting within the course and scope of that employment.  In so doing, Defendants, and each of them, had a duty of reasonable care to all students attending its Middle Schools in general, and to Plaintiff CARLOS ANTONIO SMITH in particular.  Defendants owed a duty to Plaintiff CARLOS EUGENE MANN and his son, CARLOS ANTONIO SMITH, inter alia, to behave as a reasonably prudent person would in the same circumstances in their dealings with Plaintiff CARLOS ANTONIO SMITH.

46.  Defendants further had a duty to follow all applicable laws, statutes, rules, ordinances or regulations promulgated by the State of California, pertaining to the procedures regarding detention and treatment of students in

**COMPLAINT**

the SAN DIEGO UNIFIED SCHOOL DISTRICT.  Defendants also had a duty to avoid subjecting students and Plaintiff CARLOS ANTONIO SMITH to unreasonable risks of harm in the performance of their duties.

47.  California Government Code § 844.6(d) holds that a public employee (as distinct from a public entity) may be held liable for any injury to a prisoner "... proximately caused by his [or her] negligent or wrongful act or omission."

48.  California Government Code § 820(a) states, in pertinent part, "... a public employee is liable for injury caused by his [or her] act or omission to the same extent as a private person."  Plaintiff alleges that the conduct of Defendant DARIUS ASHTON and DOES 1-10 alleged herein was negligent and that such negligence was the proximate cause of the injuries and damages suffered by Plaintiff CARLOS ANTONIO SMITH and his father CARLOS EUGENE MANN.

49.  As set forth herein, at the above-mentioned time and place, Defendants SAN DIEGO UNIFIED SCHOOL DISTRICT and DARIUS ASHTON and DOES 1-10, and each of them, negligently and carelessly and/or otherwise failed to take any other reasonable measures to prevent/protect the Plaintiff from harm, and the unnecessary, lengthy and unlawful detention and suspension that ensued.  CARLOS EUGENE MANN is informed and believes that his son, CARLOS ANTONIO SMITH was unlawfully detained by the SAN DIEGO POLICE DEPARTMENT and interrogated

COMPLAINT

1   without his consent. These instances, are the proximate

2   result, which the Plaintiff, CARLOS ANTONIO SMITH suffered,

3   and continues to suffer, harm to his physical and mental

4   health, reputation, in addition to the violation of

5   Plaintiff's state and federal constitutional rights.

7       50.  In committing these acts and omissions, Defendants,

8   and each of them, negligently and carelessly breached their

9   duty of reasonable care to Plaintiff.  As a proximate result

10  of the negligent acts and omissions of Defendants, and each of

11  them, Plaintiff sustained and continues to sustain injuries,

12  to include general and special damages, in a sum according to

13  proof at the time of trial.

14  **SIXTH CAUSE OF ACTION**

16  Negligent Training, Retaining, Disciplining, Supervising,

17  Managing, Directing and Controlling

18  (Against Defendant SAN DIEGO UNIFIED SCHOOL DISTRICT and DOES

19  1-10)

21      51.  Plaintiff CARLOS EUGENE MANN incorporates all the

22  allegations contained in paragraphs 1 through 50 of this

23  complaint as though set forth herein in full.

24      52.  Plaintiff sues SAN DIEGO UNIFIED SCHOOL DISTRICT,

25  DARIUS ASHTON and DOES 1-10 pursuant to California Government

26  Code §§ 820(a) and 844.6(d).  Plaintiff alleges that the

27  conduct of said Defendants, and each of them, alleged herein

28

was negligent and that such negligence was the proximate cause of the injuries and damages suffered by Plaintiff CARLOS EUGENE MANN and CARLOS ANTONIO SMITH, his son.

53.  At all times mentioned herein, Defendant DARIUS ASHTON and DOES 1-10 were employees of the SAN DIEGO UNIFIED SCHOOL DISTRICT, who were responsible for the screening, hiring, retaining, training, disciplining, supervising, managing directing and controlling the conduct of DARIUS ASHTON and setting departmental policies for the police officers and employees of the SAN DIEGO UNIFIED SCHOOL DISTRICT.

54.  In carrying out these tasks, SAN DIEGO UNIFIED SCHOOL DISTRICT, DARIUS ASHTON and DOES 1-10, and each of them, had a duty of reasonable care to Plaintiff, a resident of the County of San Diego, to avoid subjecting Plaintiff CARLOS EUGENE MANN and his son, Plaintiff CARLOS ANTONIO SMITH to unreasonable risks of harm in the performance of CARLOS EUGENE MANN parental duties and Plaintiff CARLOS ANTONIO SMITH educational quest.

55. Defendant SAN DIEGO UNIFIED SCHOOL DISTRICT, and DOES 1-10 knew, or in the exercise of reasonable care should have known, about the risk DARIUS ASHTON posed to Plaintiff CARLOS ANTONIO MANN and others similarly situated.  Despite this actual and/or constructive knowledge, SAN DIEGO UNIFIED SCHOOL DISTRICT, and DOES 1-10 and each of them, negligently and

COMPLAINT

1  carelessly screened, hired, trained, retained, disciplined,

2  supervised, managed, directed and controlled the conduct and

3  activities of Defendant DARIUS ASHTON  and DOES 1-10, and each

4  of them, while in the course and scope of their employment

5  with the City of San Diego and the SAN DIEGO UNIFIED SCHOOL

6  DISTRICT  Said negligence was a breach of the duty of

7  reasonable care SAN DIEGO UNIFIED SCHOOL DISTRICT and DOES 1-

8  10 owed to Plaintiff CARLOS EUGENE MANN and his son, Plaintiff

9  CARLOS ANTONIO SMITH and others similarly situated families

10  with children attending its schools.

11

12  56.  As a direct and proximate result of the negligence

13  of SAN DIEGO UNIFIED SCHOOL DISTRICT, DARIUS ASHTON and DOES

14  1-10, and each of them, committed the negligent and

15  intentional acts and omissions alleged herein, proximately

16  causing Plaintiff CARLOS EUGENE MANN and his son, Plaintiff

17  CARLOS ANTONIO SMITH to sustain and continue to sustain the

18  injuries and damages as herein alleged.

19

20  <u>SEVENTH CAUSE OF ACTION</u>

   Intentional Infliction of Emotional Distress

21

22  (Against Defendants SAN DEIGO UNIFIED SCHOOL DISTRICT and
   DARIUS ASHTON and DOES 1-10)

23

24

25  57.  Plaintiff incorporates by reference the allegations

26  contained in paragraphs 8 through 14 of the General

27  Allegations and paragraphs 1 through 56 of this Complaint and

28

31

**COMPLAINT**

each and every part thereof with the same force and effect as though set out at length herein.

58.  Plaintiff is informed and believes that the actions of Defendants, and each of them, in knowingly making false allegations of sexual assault and battery, without investigation, as a pre-text for Plaintiff's termination were intentional, extreme, outrageous and done with the intent to cause emotional distress or with reckless disregard of the probability of causing Plaintiff emotional distress.

59.  The conduct of the defendants, and each of them, includes, but is not limited to, the following:  Defendants knowingly and wrongfully failed to investigate the "sexual assault and battery" in any manner.  Instead, Defendants, without following their own procedures, attempted to expel Plaintiff, CARLOS ANTONIO SMITH with the knowledge that their conduct would result in CARLOS EUGENE MANN losing wages and desperate need for medical treatment and other related compensation and benefits, as well as consequential economic damages.  Defendants, and each of them, continued their outrageous conduct after attempting on the first time to expel Plaintiff, CARLOS ANTONIO SMITH by defaming Plaintiff's good name by spreading rumors throughout the school district community and the community in which he lives.

60.  As a direct and proximate result of the Defendants' conduct, Plaintiff has been subjected to severe emotional

COMPLAINT

distress and will continue to suffer severe and permanent humiliation, mental pain and anguish, and will continue to live in a constant state of emotional tension and distress.

61.    As a direct and proximate result of the Defendants' conduct, Plaintiff has suffered and continues to suffer substantial losses in income, earnings, and benefits and has been damaged in her capacity to earn her salary, and has lost and will continue to lose employment benefits, all to Plaintiff's damage in an amount to be shown according to proof.

62.    The conduct of Defendants in causing Plaintiff's to lose wages without good, just or legitimate cause subjected Plaintiff to cruel and unjust hardship in conscious disregard to Plaintiff's rights.   DEFENDANT, DARIUS ASHTON's excuse of the circumstance's involved was "A LOT OF INFORMATION" (See, EXHIBIT 15) is not as plausible, as DEFENDANT, DARIUS ASHTON wish it to be. Such mindlessness, is not only a blatant disregard of crucial facts, regarding the totality of Plaintiff, CARLOS ANTONIO SMITHS's circumstances, but more so, is a refusal to inform, Plaintiff CARLOS EUGENE MANN of his son's right to be informed. As it was anticipated by Defendants that Plaintiff would be unable to recover curriculum, in the foreseeable future, Plaintiff is informed and believes and thereon alleges, that his loss of curriculum by Defendants, was done with intent to cause injury to Plaintiff. As a consequence of the aforesaid oppressive,

33

COMPLAINT

malicious and despicable conduct, Plaintiff is entitled to an award of punitive damages in a sum to be shown according to proof.

Wherefore, Plaintiff CARLOS EUGENE MANN and CARLOS ANTONIO SMITH prays for judgment against the Defendants, as follows:

DAMAGES FOR ALL CAUSES OF ACTION

Plaintiff's, "reasonable victim's" seeks damages against all Defendants for a [[Racially] [Sexually] conduct pursuant [other Title 42 U.S.C. 1983 and California Civil Code Section 50 (UnRuh Civil Rights Act protected characteristics]] hostile educational environment while enrolled and attending Defendants school. The evidence suggest that Plaintiff, CARLOS ANOTIO SMITH was subjected to [[slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature][conduct affecting other Title 42 USC 1983 and California Civil Code Section 50 (UnRuh Civil Rights Act); the conduct was unwelcome, the conduct was sufficiently severe and pervasive to alter the conditions of the Plaintiff's ability to concentrate in school and created an abusive and hostile [[Racially] [Sexually] [other Title 42 U.S.C. 1983 and California Civil Code Section 50 (UnRuh Civil Rights Act) protected characteristics]] in the educational environment; Plaintiff's perceived the educational environment to be abusive, hostile and a reasonable person, in Plaintiff's circumstances would consider the educational environment to be abusive and hostile.

34

COMPLAINT

1.     General damages in a sum according to proof;

2.     Special damages including loss of income, earnings benefits, medical expenses and other consequential damages in a sum according to proof;

3.     For interest provided by law, including, but not limited to, <u>Civil Code</u> §3291;

4.     For legal fees in an amount to be shown according to proof;

5.     Costs of suit and for each other and further relief as the Court deems just and proper.

### REQUEST FOR INJUNCTIVE ORDER

6.     Plaintiff, CARLOS EUGENE MANN, request for an INJUNCTIVE ORDER, requiring DEFENDANT'S, SAN DIEGO UNIFIED SCHOOL DISTRICT and DEFENDANT DARIOUS ASHTON, to acquire from all parents, legal consent prior to investigating students for alleged, "Serious Offenses".

DATED: April 15, 2016

By: _____

                Mr. Carlos Eugene Mann for
                          Plaintiff's,

**COMPLAINT**

PLAINTIFF'S LOGMENT OF EXHIBITS

1. EXHIBIT 1, U.S. Dept. of Veterans Affairs, Medical Records and Claim Forms 21-526EZ Pgs. 1-3

   a. EXHIBIT 1A, Release from Active Duty and Transfer to the Marine Corps Fleet Reserve

2. EXHIBIT 2, U. S. Marine Corps, In-Patient Residential Referral Intake Form dated January 26, 2016 (7 pages)

   a. EXHIBIT 2A, FAMILY MEMBER MEDICAL SUMMARY, DD FORM 2792-Pgs. 1-11

3. EXHIBIT 3, IN-PATIENT TREAMENT (TAD TO FT GORDON) USMC E-MAIL dated February 04, 2016 from Plaintiff CARLOS EUGENE MANN Executive Officer Major Donnell

4. EXHIBIT 4, STATISTICAL REPORT

   a. EXHIBIT 4A, Plaintiff CARLOS ANOTNIO SMITH's Immunization record dated February 19, 2015

   b. EXHIBIT 4B, SAN DIEGO UNIFIED SCHOOL DISTRICT Preschool-Grade 12 Enrollment verification Form 2015-16

   c. EXHIBIT 4C, Wangenheim Middle School Staff Directory

5. EXHIBIT 5, STUDENT STATEMENT

6. EXHIBIT 6, "Special Report" To The Superintendent

   a. EXHIBIT 6A, San Diego Unified School District Placement and Appeal Hearing Notification dated February 01, 2016

   b. EXHIBIT 6B, San Diego Unified School District Placement and Appeal AGREEMENT AND STIPULATION FOR EXPULSION-CASE NUMBER 16-0078

36

COMPLAINT

7. EXHIBIT 7, Alba Community Day School, fax cover sheet
   Dated February 25, 2016

   a. EXHIBIT 7A, TRANSFER INFORMATION (ALBA) ENTRY – EXIT
      COMMENTS dated September 08, 2015

   b. EXHIBIT 7B, San Diego Unified School District
      Placement and Appeal FAX TRANSMISSION dated February
      01, 2016 from Rick McFall

8. EXHIBIT 8, SWEETWATER UNION HIGH SCHOOL DISTRICT
   Online Registration Form

   a. EXHIBIT 8A, SWEETWATER UNION HIGH SCHOOL DISTRICT
      AFFIDAVIT VERIFICATION OF RESIDENCY

9. EXHIBIT 9, Sweetwater Union High School District-Student
   Consent and Waiver Form -E6163.4

10. EXHIBIT 10, Wangenheim Middle School, List of
    Incidents: 9

11. EXHIBIT 11, Court of Common Pleas, Juvenile Division,
    Cuyahoga County Ohio, Case No. AD15901537 Pg. 1-2

    a. EXHIBIT 11A, Counseling

12. EXHIBIT 12, San Diego Unified School District, Placement
    and Appeal determination October 21, 2015

13. EXHIBIT 13, USMC MOL Leave of Absence dated January 25,
    2016

    a. EXHIBIT 13A, USMC MOL Leave of Absence dated
       February 01, 2016

14. EXHIBIT 14, DEFENDANT's DISTRICT OFFICE "Term Grades"
    Pg. 1-3

15. EXHIBIT 15, DEFENDANT, SAN DIEGO UNIFIED SCHOOL
    DISTRIT's Placement and Appeal hearing audio recording
    Dated February 17, 2016

37

COMPLAINT

16. **EXHIBIT 16, Recommendation for Expulsion/Zero Tolerance** Pg. 1-4

17. **EXHIBIT 17, INSTAGRAM MESSAGES pg. 1-3**

18. **EXHIBIT 18, Incident Details dated 01/22/2016 Pgs.** 1-2 created on January 26, 2016 at 11:49:21 AM

19. **EXHIBIT 19, GOOGLE E-MAIL AFTERNOON DETENTION ON THE 25TH** From Mr. Miko Uhuru

    a. **EXHIBIT 19A, ALBA Attendance Report**

    b. **EXHIBIT 19B, ALBA Week 2 Student Comments and Codes**

    c. **EXHIBIT 19C, ALBA Week 3 Student Comments and Codes**

    d. **EXHIBIT 19D, Rancho Del Rey Middle School Private** Message from Mr. White (Science Teacher)

38

**COMPLAINT**